IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TAMEKA SHERRELL BANKS     PLAINTIFF

VS.     CIVIL NO. 05-4067

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION     DEFENDANT

## MEMORANDUM OPINION

Tameka Banks ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits ("SSI"), under Title XVI of the Act.

**Background:**

The application for SSI now before this court was protectively filed on April 15, 2002, alleging an onset date of April 12, 2002, due to back, knee, and hip pain.[1] (Tr. 42-45, 178). An administrative hearing was held on January 8, 2004. (Tr. 170-196). Plaintiff was present and represented by counsel.

On April 2, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 14). At this time, plaintiff was twenty-eight years old and possessed an eleventh grade education. (Tr. 12, 61, 173-177). The record

---

[1]SSI benefits are not payable for a period prior to the protective filing date of plaintiff's application, which is April 15, 2002. (Tr. 56). Therefore, the relevant time period extends from April 15, 2002, through April 2, 2004, the date of the ALJ's decision. (Tr. 11-14). *See Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

reveals that she has past relevant work ("PRW"), as a product assembly worker and worker at a poultry plant. (Tr. 12, 61, 173-177).

After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ( "RFC"), to perform semi-skilled light work that did not require standing or walking more than two hours without interruption, or more than four hours total in an eight-hour workday, and did not involve more than occasional climbing, crouching, kneeling, stooping, or crawling. (Tr. 12-13). With the assistance of a vocational expert, the ALJ then found that plaintiff could still perform work existing in significant numbers in the national economy, to include semi-skilled light assembly work. (Tr. 12-13).

On September 9, 2005, the Appeals Council declined to review this decision. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 8, 9).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

2

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in

3

light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the fact that the record does not contain an RFC assessment. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the record reveals that plaintiff has been treated for chronic lower back pain and hip pain. (Tr. 73-169). For this, she was repeatedly prescribed Vicodin. (Tr. 123, 127, 136, 147, 160). We note that Vicodin is a narcotic analgesic used to relieve moderate to moderately severe pain. *See* PHYSICIAN'S DESK REFERENCE, p. 530 (60th ed. 2006). In spite of this, however, the record contains no RFC assessment, from a treating or even a non-examining doctor, indicating

4

plaintiff's ability to perform work-related activity. Because a plaintiff's RFC must be supported by medical evidence that addresses that plaintiff's ability to function in the workplace, we believe that remand is necessary to allow the ALJ to obtain an RFC assessment. *See Lewis,* 353 F.3d at 646.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, namely Drs. George Covert, Jerry Stringfellow, and Henry Platt, asking them to review plaintiff's medical records; complete RFC assessments regarding plaintiff's capabilities during the time period in question; and, provide the objective bases for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis, during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

In addition, the ALJ failed to consider the fact that plaintiff was consistently prescribed Vicodin and/or other pain medications and muscle relaxers between February 2002 and December 2003. (Tr. 123, 127, 134, 136, 147, 150-152, 160). The ALJ is reminded of his duty to consider all the evidence relating to plaintiff's subjective complaints including evidence that relates to: (1) plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and, (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Therefore, on remand, he should determine what effect these medications have on plaintiff's ability to perform work-related activities. *Id*.

## **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence,

AO72A
(Rev. 8/82)

and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 20th day of September 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)